IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR N. JAIMES, JR.,<br><br>    Petitioner,<br><br>  vs.<br><br>W. DUNCAN, Warden,<br><br>    Respondent. | No. C 04-5285 CRB (PR)<br><br>ORDER REOPENING CASE |
| HECTOR N. JAIMES. JR.,<br><br>    Petitioner,<br><br>  vs.<br><br>W. DUNCAN, Warden,<br><br>    Respondent. | No. C 06-5990 CRB (PR)<br><br>ORDER DISMISSING CASE |

Per order filed on June 24, 2005, the court granted petitioner's motion/ request for a stay of habeas proceedings in case number C 04-5285 CRB (PR) to permit him to return to state court and exhaust a new claim under Blakely v. Washington, 124 S. Ct. 2531 (2004). The court instructed the clerk to administratively close the case and advised petitioner that, within 30 days of his exhausting his Blakely claim, he should move to reopen the case, lift the court's stay and amend the stayed petition to add the newly-exhausted claim.

On September 11, 2006, petitioner submitted a petition for a writ of habeas corpus which was filed on September 27, 2006 as a new case and assigned to the undersigned as case number 06-5990 CRB (PR).  A close reading of the new petition makes clear that it is an amended petition intended for filing in C 04-5285 CRB (PR) now that petitioner has exhausted his Blakely claim.

In order to expedite petitioner's habeas proceedings, the clerk is instructed to file a copy of the new petition into C 04-5285 CRB (PR) as petitioner's First Amended Petition ("FAP") and to reopen C 04-5285 CRB (PR).  The clerk is further instructed to serve a copy of the FAP on respondent and to close case number C 06-5990 CRB (PR) as improvidently opened.

Respondent previously addressed all of the claims in the FAP, save two new ones – petitioner's recently-exhausted Blakely claim and an additional claim of state sentencing error.  Unfortunately for petitioner, his two new claims must be dismissed.  It is well-established that federal courts must defer to the state courts' interpretation of state sentencing laws, see Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."), and the Ninth Circuit more recently made clear that Blakely announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review, see Schardt v. Payne, 414 F.3d 1-25, 1038 (9th Cir. 2005).

Petitioner may file a traverse to respondent's previous answer within 30 days of this order.

SO ORDERED.

DATED:  Oct. 20, 2006

CHARLES R. BREYER
United States District Judge